IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-2713

STEPHEN E. COLLINS; RESORT MEETING SOURCE, a Colorado limited liability company, on behalf of themselves and others similarly situated;

    Plaintiffs,

v.

PATRICK MEYERS, in his official capacity as Executive Director of the Colorado Office of Economic Development and International Trade,

    Defendant.

**CLASS-ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. In the past 18 months, the COVID-19 pandemic has devastated small businesses across the United States, including in Colorado. Small business owners have faced unprecedented challenges, such as government-mandated closures, capacity restrictions, and other disruptions to their normal business activities. As a result, many businesses have closed permanently, and many others have suffered substantial losses in revenue.

2. Plaintiffs in this case are Resort Meeting Source, a Colorado event-planning business, and its owner Steve Collins. Like many other small businesses, the business has suffered significant revenue losses as a result of the COVID-19 pandemic and attendant government

1

policies. Plaintiff Collins, who runs the business, has faced multiple COVID-related cancellations of large events, which has resulted in revenue loss for his business.

3. Colorado has created a relief program designed to help small business owners, like Mr. Collins, who have suffered revenue losses during the COVID-19 pandemic. But Colorado's COVID-19 relief program disfavors Plaintiffs based on a characteristic that the government is prohibited from considering: race. Thus, Plaintiffs bring this civil rights action to vindicate their constitutional rights under the Equal Protection Clause of the Fourteenth Amendment and the right of all Colorado small business owners to equality before the law.

4. In December 2020, the General Assembly passed and the Governor signed Senate Bill 20B-001, which allocated $4 million for COVID-19 relief payments to "minority-owned businesses" and provided growth and start-up capital for only those businesses. After a small business owner brought a lawsuit to challenge this race-based program, the General Assembly enacted an amended law, Senate Bill 21-001, which revised the program so that it applies not just to "minority-owned businesses," but to what the law refers to as "disproportionately impacted businesses." SB 21-001 provides relief payments, grants, loans, and technical support for those businesses.[1]

5. However, SB 21-001 continues to provide a racial preference to businesses that are minority-owned in two ways. First, among all disproportionately impacted businesses, SB 21-001 gives a mandatory preference to minority-owned businesses. *See* § 1(3)(b)(I). Second, a business

---

[1] SB 21-001 is available at https://leg.colorado.gov/sites/default/files/2021a_001_signed.pdf. The relevant portions of SB 21-001 have been codified at Colo. Rev. Stat. § 24-48.5-127. All statutory references are to SB 21-001 unless otherwise noted.

that is *not* minority-owned cannot qualify as a "disproportionately impacted business" unless it shows that it can meet one of the other criteria specified in the bill, such as having five or fewer employees or being located in an economically distressed area. *See* § 1(2)(c). In contrast, minority-owned businesses automatically qualify as disproportionately impacted businesses. *Id.*

6. On September 16, 2021, the Colorado Office of Economic Development and International Trade ("OEDIT") published additional information, including eligibility criteria, regarding SB 21-001's "Disproportionately Impacted Businesses Grant" Program. The Program will distribute $1.7 million in grants to small businesses, as provided for in SB 21-001. Applications for the grants are submitted through a third-party administrator, the Colorado Enterprise Fund, from September 17 to October 3, 2021, and the recipients are to be announced on October 18, 2021.

7. The application process requires small business applicants to indicate whether they are minority-owned, and notes that minority-owned businesses will be "prioritized" in receiving grants. Small businesses that are not minority-owned will be disadvantaged based on the race of their owner. Plaintiffs, a non-minority-owned business and its owner, ask this Court to enjoin Defendant from implementing the racial preferences under the Disproportionately Impacted Business Grant Program.

## PARTIES

### *Plaintiffs*

8. Plaintiff Stephen E. Collins ("Plaintiff Collins") is an individual who is domiciled in the State of Colorado. Plaintiff Collins is Caucasian.

3

9. Plaintiff Resort Meeting Source is a limited liability company organized under the laws of the State of Colorado. Resource Meeting Source is an event-planning business based in Alma, Colorado. Plaintiff Collins is the sole proprietor of Plaintiff Resort Meeting Source.

10. Plaintiff Collins and Plaintiff Resort Meeting Source are collectively referred to as "Plaintiffs."

***Defendant***

11. Defendant Patrick Meyers ("Director Meyers" or "Defendant") is sued in his official capacity as the Executive Director of the Colorado Office of Economic Development and International Trade (OEDIT). OEDIT is a Colorado state agency. OEDIT sets eligibility criteria and works with a third-party administrator to administer the Disproportionately Impacted Businesses Grant Program, which will distribute $1.7 million in grants to small businesses under the terms of SB 21-001.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this action arises under federal law, namely 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

13. This Court has personal jurisdiction over Defendant because this action arises out of his contacts with the State of Colorado and concerns his actions as an officer of the State of Colorado.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides within this district and a substantial part of the events giving rise to this claim have occurred or will occur in this district.

4

## GENERAL ALLEGATIONS

### *Colorado's Initial COVID-19 Relief Bill (SB 20B-001)*

15.     In November 2020, Governor Polis called a special session of the Colorado General Assembly to consider legislation to address and mitigate the economic impacts of the COVID-19 pandemic. During the special session, the General Assembly passed a COVID-19 relief bill (SB 20B-001), which was signed into law on December 7, 2020.[2] SB 20B-001 carved out certain COVID-related relief for minority-owned businesses, which it defined as any "business that is at least fifty-one percent owned, operated, and controlled by an individual who is a member of a minority group, including an individual who is African American, Asian-Indian, Asian-Pacific American, Hispanic American, or Native American." *Id.* § 8(1)(c).

16.     SB 20B-001 appropriated $4 million for use by the Colorado Minority Business Office, in part, to provide "relief payments, grants and loans to minority-owned businesses." *See id.* § 8(2).

17.     Soon after SB 20B-001 was enacted, Locals Barbershop, a non-minority-owned small business in Colorado Springs, and its owner Etienne Hardre, challenged SB 20B-001's exclusion of non-minority owned businesses in this Court.[3]

---

[2] A copy of SB 20B-001 is available at
https://leg.colorado.gov/sites/default/files/2020b_001_signed.pdf

[3] Plaintiffs' counsel in this case represented Mr. Hardre in filing an amended complaint and a motion for preliminary injunction. The case was dismissed on ripeness grounds because OEDIT had not published eligibility criteria. *Hardre v. Markey*, 20-cv-3594, 2021 WL 1541714 (D. Colo. Apr. 17, 2021). In September 2021, OEDIT published eligibility criteria.

### *Colorado's Amended COVID-19 Relief Bill (SB 21-001)*

18. In January 2021, the General Assembly passed SB 21-001 to amend the program established by SB 20B-001. According to state Senator James Coleman, the General Assembly had recognized that it "may need to make a change because of litigation."[4] According to Senator Faith Winter, one of SB 21-001's sponsors, the amended legislation seeks to funnel "$4 million to go to those small businesses that have been most disproportionately impacted by COVID, and minority ownership is a significant factor in that."[5]

19. Governor Polis signed SB 21-001 into law on January 21, 2021. Section 1 of SB 21-001 is codified as Colorado Revised Statute § 24-48.5-127.

20. SB 21-001 revises the program established by SB 20B-001 to instead appropriate COVID relief funds and provide support for businesses designated as "disproportionately impacted businesses."

21. Unlike the original COVID-19 Relief Bill, which directed funds to the Colorado Minority Business Office, SB 21-001 directs that the funds be used and overseen by the Colorado Office of Economic Development. *See* § 3.

22. SB 21-001 appropriates money for "Relief payments to disproportionally impacted businesses that have been most impacted by COVID-19 and have lacked meaningful access to federal loans and grants under the CARES Act." § 1(3)(a).

---

[4] Alex Burness, *Colorado tried to help minority-owned businesses. A white man sued, and lawmakers are backtracking.*, Denver Post, Jan. 13, 2021, https://www.denverpost.com/2021/01/13/minority-business.

[5] *Id*.

6

23. SB 21-001 defines a "disproportionately impacted business" as a business that meets at least one of seven criteria:

(I) Has five or fewer employees, including the business owner;

(II) Is a minority-owned business;

(III) Is located in an economically distressed area;

(IV) The business owner lives in an economically distressed area;

(V) The business owner has low or moderate income, as determined by the Office of Economic Development based on the United States Department of Housing and Urban Development's low- and moderate-income data used in the community development block grant program;

(VI) The business owner has low or moderate personal wealth, based on household net worth as determined by the office, applying relevant federal or state data; or

(VII) The business owner has had diminished opportunities to access capital or credit.

SB 21-001 § 1(2)(c).

24. Under SB 21-001, a minority-owned business qualifies as a disproportionately impacted business regardless of whether it meets any of the other six criteria in the preceding paragraph. A minority-owned business qualifies for relief under SB 21-001, including grants and loans, regardless of whether it has five or fewer employees, it is located in an economically distressed area, or the business owner has low or moderate personal wealth. But a non-minority-

owned business must meet at least one of the other six criteria to qualify as a disproportionately impacted business.

25. A minority-owned business is defined in SB 21-001 as "a business that is at least fifty-one percent, owned, operated, and controlled by an individual who is a member of a minority group, including an individual who is African American, Hispanic American, or Asian American." § 1(2)(g).

26. SB 21-001 also gives a preference to minority-owned businesses over other disproportionately impacted businesses. The Bill directs the Colorado Office of Economic Development to establish the "terms of and eligibility for a relief payment, grant, or loan, with preference given to disproportionately impacted businesses" that qualify as a minority-owned business and meet at least one other criterion in the section defining disproportionately impacted business. § 1(3)(b)(I).

***Defendant's Implementation of SB 21-001***

27. On September 16, 2021, OEDIT published eligibility criteria for the Disproportionately Impact Business Grant Program.[6] The program distributes grants to "disproportionately impacted businesses" under the terms of SB 21-001. The program manager is Marisela Parraguez, the Program Specialist for Equity Access to Capital Programs.

28. OEDIT's website for the Disproportionately Impact Business Grant Program specifies that businesses will "receive a minimum of $1,500 and a maximum of $10,000. This grant is intended to cover expenses that have not been covered by other federal, state, or local funding."

---

[6] https://oedit.colorado.gov/disproportionately-impacted-business-grant

29. To be eligible for the grant, an applicant must show that a business applying for the grant: (1) was in existence as of January 1, 2020; (2) is still in operation in Colorado; (3) has at least one full-time employee, which can be the business owner; (4) show at least 20% income loss since March 26, 2020 (compared to the prior year) as a result of the COVID-19 pandemic; and (5) received less than $20,000 in federal or state loans and grants under the CARES Act.

30. In addition, businesses seeking to obtain grants under the Disproportionately Impacted Business Grant Program must meet at least one of the following criteria: (1) have 5 or fewer employees, including the business owner; (2) be a minority-owned business; (3) be a business located in an economically distressed area (opportunity zone, enterprise zone, or historically underutilized business zone); (4) have a business owner who is located in an economically distressed area (opportunity zone, enterprise zone, or historically underutilized business zone); have a business owner that has low or moderate income (less than $76,000 per year); (5) have a business owner that has low or moderate personal wealth based on household net worth; or (6) have a business owner that has had diminished opportunities to access capital or credit.

31. The Disproportionately Impacted Business Grant Program will provide a preference to applicants who are minority-owned businesses and meet any of the other criteria listed in the previous paragraph.

32. OEDIT's website specifies that "Businesses can apply through the Colorado Enterprise Fund webite [sic]" between September 17, 2021 and October 3, 2021 at 5 pm. OEDIT's website also specifies the manner in which applications are accepted and reviewed. The Colorado Enterprise Fund reviews applications and secures documents, such as financial statements and tax

returns, submitted by the applicant. The Colorado Enterprise Fund sends a list of approved applicants to OEDIT, which reviews applicants and confirms the final list of awarded applicants to the Colorado Enterprise Fund. The Colorado Enterprise Fund then informs applicants of a decision and distributes the funds.

33.  The Colorado Enterprise Fund accepts applications for grants under the Disproportionately Impacted Business Grant Program on its website.[7] The Fund's website specifies that grant awards will be announced the week of October 18, 2021, and distributed the week of October 25, 2021.[8]

34.  The Fund's website provides information regarding "grant details and eligibility," which largely mirror those provided for on OEDIT's website.

35.  The FAQ section of the Fund's website on the grant program lists the required documents. Applicants that do not have one or more of the documents required to apply can contact the "Colorado Enterprise Fund team to receive guidance on the appropriate documentation to provide." It also specifies that OEDIT will make the "final determination of award recipients and award amounts."

36.  The FAQ section of the Fund's website notes that "all the applications are thoroughly evaluated," and that all applicants "will receive a notification of award decision (approve or deny) and award amount via email the week of October 18th." It states that "[t]he

---

[7] https://coloradoenterprisefund.org/dib-grant-program

[8] On October 6, 2021, OEDIT announced on its website that applications for another round of funding will open in late October. OEDIT's website notes that "[e]ligibility requirements may change" for that round of funding. *See supra* n.6.

Disproportionately Impacted Business Relief Grant Program is not a first come, first serve grant program. Rather, it is a competitive application process."

38. The Colorado Enterprise Fund's application page requires applicants to identify whether the business applying for a grant is a minority-owned business.[9] The application page states that "Minority, women or veteran owned businesses" will be "prioritized but not the exclusive recipients of assistance."

***The Effect of the COVID-19 Pandemic and SB 21-001 on Plaintiffs***

38. Plaintiff Collins is the sole owner of Plaintiff Resort Meeting Source LLC. Resort Meeting Source LLC is an event planning business that helps individuals and businesses plan their meeting, event, conference, or group trip.

39. Plaintiff Resort Meeting Source was formed in 2002, and is in good standing with the State of Colorado.

40. Plaintiff Collins depends on the income he generates from Plaintiff Resort Meeting Source LLC for his livelihood.

41. Plaintiff Resort Meeting Source LLC has had major events cancelled in the past 18 months due to the COVID-19 pandemic. In 2020, Resort Meeting Source had a large event in Snowbird Resort in Utah cancelled due to the pandemic. In 2021, the pandemic led to the cancellation of another large event at Hilton Penn's Landing in Philadelphia. Between the two events, Resort Meeting Source suffered revenue losses of approximately $26,000.

---

[9] https://forms.zohopublic.com/coloradoenterprisefund/form/DisproportionatelyImpactedBusinessReliefGrantProgr/formperma/65qRRqT47ShH46ELKxLsG2yf0zxLR4uA5MVsa_AjfSs

42. Meeting planning requires the meeting planning business to perform a lot of the work for the meeting in advance. The meeting planning business does not typically receive any of the revenue until after the meeting. Plaintiff Collins had been working to set up the events described in the preceding paragraph for three years prior to those events. When those events were cancelled, Plaintiffs received no revenue from either event.

43. Plaintiff Resort Meeting Source LLC's year-over-year revenue has declined by nearly 30 percent. The event planning portion of the business suffered revenue losses of 100 percent from March 2020 to present.

44. Plaintiffs continue to struggle financially because of the economic downturn precipitated by the COVID-19 pandemic.

45. Plaintiffs previously applied for a grant under the Energize Colorado Gap Fund.[10] The Gap Fund is a "public- and privately-funded equity program geared towards Colorado small business owners who have been impacted by the COVID-19 pandemic." In distributing grants, the Gap Fund gave priority to "Black, Indigenous, People of Color, Veteran-owned, Woman-owned or rural businesses."[11] Plaintiffs' application for a grant under the Gap Fund was denied. Plaintiffs requested information from the Gap Fund on the reason for the denial, and received no response.

46. Plaintiffs have applied for a grant under the Disproportionately Impacted Business Grant Program. Plaintiffs are eligible for a grant and have satisfied all of the requirements for obtaining a grant. For instance, Plaintiffs have received less than $20,000 in federal or state loans and grants under the CARES Act.

---

[10] https://energizecolorado.com/gap-fund/

[11] https://energizecolorado.com/gap-fund/gap-fund-frequently-asked-questions/

47. The minority-owned business preferences in SB 21-001 and the Disproportionately Impacted Business Grant Program reduce the likelihood that Plaintiffs will be able to obtain grants earmarked for disproportionately impacted businesses.

**CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – Violation of the Equal Protection Clause)**

48. Plaintiffs incorporate the prior allegations of this complaint.

49. 42 U.S.C. § 1983 provides a private right of action to those aggrieved by constitutional violations undertaken by state actors under color of law, including those at issue in this complaint.

50. SB 21-001 was enacted and will be enforced by state actors, under color of state law.

51. In relevant part, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

52. SB 21-001's provisions that give a preference to minority-owned businesses for certain COVID-related relief violate the Equal Protection Clause of the Fourteenth Amendment. The Disproportionately Impact Businesses Program adopts those preferences.

53. The minority-owned business preferences in SB 21-001 and the Disproportionately Impacted Business Grant Program are subject to strict scrutiny because they classify individuals based on their race. Businesses that are at least 51% owned by members of racial minority groups, including individuals who are African American, Hispanic American, and Asian American are prioritized in the distribution of grants.

54. Defendant does not have a compelling interest in giving racial preferences to minority-owned businesses in distributing grants under SB 21-001 and the Disproportionately Impacted Business Grant Program.

55. Defendant has not identified with specificity in SB 21-001 or otherwise any racial discrimination to be remedied by making facial racial classifications. Defendant does not have a strong basis in evidence upon which to conclude that remedial action is necessary with regard to any supposed racial discrimination that SB 21-001 and the Disproportionately Impacted Business Grant Program were intended to remedy.

56. Nor can Defendant prove that the racial preferences encompassed in SB 21-001 and the Disproportionately Impacted Business Grant Program are narrowly tailored even if it could demonstrate a compelling government interest. Among other things, Defendant could adopt race-neutral remedies, such as grant payments based on geographic areas or sectors of the economy most impacted by the COVID-19 pandemic, without reference to race.

57. Plaintiffs have been significantly impacted by the COVID-19 pandemic as described above and have applied for grants under the Disproportionately Impacted Business Grant Program. Yet because they are not "minority-owned business[es]," the Disproportionately Impacted Business Grant Program and SB 21-001 put Plaintiffs at a disadvantage in obtaining grants distributed pursuant to the Program.

## CLASS ACTION ALLEGATIONS

58. Plaintiffs Collins and Resort Meeting Source LLC bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

59. Plaintiffs Collins and Resort Meeting Source LLC seek to represent a class of all non-minority businesses that have applied for a grant under the Disproportionately Impacted Business Grant Program.

60. The number of individuals in this class makes joinder of individual class members impracticable.

61. There are questions of law common to the class, such as whether the minority-owned business preference provided in SB 21-001 and the Disproportionately Impacted Business Grant Program violate the Equal Protection Clause of the Fourteenth Amendment.

62. Plaintiffs' claims are typical of those of other members in the class. Each of them wish to enjoin Defendant and his agents from applying the minority-owned business preference in distributing grants under the Disproportionately Impacted Business Grant Program.

63. Plaintiffs adequately represent the interests of the class, and have no interests antagonistic to the class.

64. A class action is appropriate under Rule 23(b)(2) because Defendant is acting on grounds generally applicable to the class, so that final injunctive and declaratory relief is appropriate respecting the class as a whole.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Declare the minority-owned business preferences in SB 21-001—namely, sections 1(2)(c)(II) and (3)(b)(I) (codified at 24-48.5-127(2)(c)(II) and (3)(b)(I))—and in the Disproportionately Impacted Business Grant Program unconstitutional under

        the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(b)    Permanently enjoin Defendant and his agents from enforcing or giving any effect to the minority-owned business preferences of SB 21-001—namely, sections 1(2)(c)(II) and (3)(b)(I) (codified at 24-48.5-127(2)(c)(II) and (3)(b)(I))—in distributing the COVID-19 relief payments and from otherwise discriminating on the basis of race under SB 21-001 and the Disproportionately Impact Business Grant Program;

(c)    Issue an award of attorneys' fees and costs in this action pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988; and

(d)    Provide such other and further relief as the Court deems just and proper.

Dated: October 7, 2021.

                                        PACIFIC LEGAL FOUNDATION

                                        <u>/s/ Wencong Fa</u>
                                        Wencong Fa
                                        930 G Street
                                        Sacramento CA 95814
                                        Telephone: (916) 419-7111
                                        WFa@pacificlegal.org

                                        <u>/s/ Glenn E. Roper</u>
                                        Glenn E. Roper
                                        1745 Shea Center Dr., Ste. 400
                                        Highlands Ranch, CO 80129
                                        Telephone: (916) 419-7111
                                        GERoper@pacificlegal.org

                                  *Attorneys for Plaintiffs*